# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE,<br><br>           Plaintiff,<br><br>     v.<br><br>BALLESTEROS,<br><br>           Defendant.<br>_____/ | Case No. 1:12-cv-00808-SKO (PC)<br><br>ORDER DIRECTING CLERK'S OFFICE TO CHANGE PLAINTIFF'S ADDRESS OF RECORD AND REQUIRING PLAINTIFF TO COMPLETE SERVICE ON DEFENDANT BALLESTEROS WITHIN ONE-HUNDRED TWENTY DAYS<br><br>(Docs. 1 and 18) |

**I.      Order Authorizing Service of Complaint**

Plaintiff Norris Lee ("Plaintiff"), a former state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 17, 2012.[1] Pursuant to the decision rendered by the United States Court of Appeals for the Ninth Circuit, Plaintiff's complaint states a claim for damages against Defendant Ballesteros ("Defendant"), a licensed vocational nurse, for violation of the Eighth Amendment of the United States Constitution. (Docs. 18, 19.) Plaintiff's claim arises out of Defendant's alleged refusal to administer an insulin injection to Plaintiff on May 27, 2011, at the prison medical clinic, after Plaintiff refused to self-inject as instructed due to his fear of needles.

---

[1] The Court takes judicial notice of Plaintiff's notice of change of address filed in appeal case number 12-17543, docket entry #13. The Court will direct the Clerk of the Court to change Plaintiff's address with this Court. Pursuant to the Court's general practice, Local Rule 230(*l*) shall continue to apply to this case despite Plaintiff's release from custody.

Plaintiff is not proceeding in forma pauperis and therefore, he is responsible for serving Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. Included with this order are the appropriate service forms and a copy of Rule 4. Unless good cause for an extension of time is shown, Plaintiff must complete service of process and file proof of service with the Court within one-hundred twenty days. Fed. R. Civ. P. 4(m). The following two sections contain instructions on how to serve Defendant.

## II.     Instructions on Completing Service

### A.     Obtaining a Waiver of Service from Defendant

Plaintiff has the option of notifying Defendant of the commencement of this action and requesting that Defendant waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff elects to ask Defendant to waive service, he must mail to Defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," (3) a copy of the complaint, and (4) a copy of this order. The documents must be addressed directly to Defendant (not to the Attorney General's Office), and the documents must be sent by first-class mail or other reliable means. *Id.* The "Waiver of Service of Summons" form must set forth the date on which the request is sent and must allow Defendant at least thirty days to return the waiver to Plaintiff. If Defendant signs and returns the waiver form to Plaintiff, Plaintiff must then file the waiver form with the Court. After filing the waiver form, Plaintiff does not need to do anything further to serve Defendant. Fed. R. Civ. P. 4(d)(4).

### B.     Personal Service on Defendant in Absence of Waiver

Plaintiff must effect personal service on Defendant if (1) Plaintiff chooses not to request that Defendant waive service, or (2) Plaintiff requests that Defendant waive service but Defendant fails to return the "Waiver of Service of Summons" form to Plaintiff. In either situation, the summons, a copy of the complaint, and a copy of this order must be personally served on Defendant (not the Attorney General's Office). Personal service may be effected by any person who is *not* a party to this action and who is at least eighteen years old; Plaintiff may not effect

///

///

personal service himself. Fed. R. Civ. P. 4(c)(2). Plaintiff should review Rule 4(e), provided with this order, as it more fully addresses how personal service is effected.

### III. Order

In accordance with the above, it is HEREBY ORDERED that:

1. The Clerk of the Court shall delete Plaintiff's prison identification number and change his address of record to: 2547 W. Tulare Ave., Visalia, CA, 93277;

2. This action shall proceed on Plaintiff's complaint, filed on May 17, 2012, against Defendant Ballesteros for violation of the Eighth Amendment;

3. The Clerk of the Court shall issue and send Plaintiff one summons and shall send Plaintiff one copy of the following documents:

   a) The complaint filed on May 17, 2012;

   b) A "Notice of Lawsuit and Request for Waiver of Service of Summons" form;

   c) A "Waiver of Service" form; and

   d) A copy of Rule 4 of the Federal Rules of Civil Procedure;

4. Plaintiff shall complete service of process on Defendant within **one-hundred twenty (120) days** from the date of service of this order; and

5. Unless good cause is shown, Plaintiff's failure to (1) complete service of process on Defendant and (2) file a proof of service within one-hundred twenty days will result in dismissal of this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **January 13, 2014**                    /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE