# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE, | Case No. 1:12-cv-00808-SKO (PC) |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | **Telephonic Trial Confirmation Hearing: 07/21/2015 at 2:00 p.m. in Courtroom 7 (SKO)** |
| BALLESTEROS, | |
| Defendant. | **Motion in Limine Filing: 07/28/2015** |
| | **Motion in Limine Response: 08/11/2015** |
| | **Jury Trial: 08/18/2015, at 8:30 a.m. in Courtroom 7 (SKO)** |

## I.     Summary

Plaintiff Norris Lee, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 17, 2012.  This action for damages is proceeding against Defendant Ballesteros ("Defendant") for acting with deliberate indifference to Plaintiff's serious medical needs on May 27, 2011, in violation of the Eighth Amendment of the United States Constitution.  (Docs. 1, 18, 20.)  Plaintiff alleges that while he was incarcerated at California State Prison-Corcoran ("CSP") in Corcoran, California, Defendant refused to give him his insulin injection, instead attempting to require him to self-inject.  (Doc. 1, Comp., p. 4, ¶1.) Plaintiff alleges he is unable to self-inject because he is afraid of needles and he ultimately left the medical clinic, as directed, without his insulin injection.  (*Id.*, ¶2-4.)  Plaintiff alleges he suffered a

headache, dehydration, dizziness, loss of appetite, and mental anguish and stress as a result. (*Id.*, ¶5.)

**II.     Jurisdiction and Venue**

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district. 28 U.S.C. § 1391.

**III.    Trial**

Defendant demanded a jury trial. Fed. R. Civ. P. 38(b).

**IV.    Facts**

**A.     Undisputed Facts**

1. At the times relevant to this lawsuit, including the date he filed suit, Plaintiff was a California Department of Corrections and Rehabilitation ("CDCR") inmate housed at CSP who was serving a sentence that began in 1996.

2. At all times relevant to this lawsuit, Defendant was employed at CSP as a Licensed Vocational Nurse; and she worked the third watch, which was from 2:00 p.m. to 10:00 p.m.

3. No later than February 2002, Plaintiff was diagnosed as a diabetic.

4. In December 2010, Plaintiff began to receive shots of insulin for the first time.

5. On May 20, 2011, Plaintiff began to receive two shots of insulin a day, one before breakfast and one before lunch.

6. The insulin Plaintiff was receiving in his shots was Humulin 70/30, a formula which provided both short and long term insulin release.

7. Plaintiff was also receiving metformin twice a day for his diabetes.

8. As of May 24, 2011, Plaintiff's second shot of the day was moved from before his lunch (second watch) to before his dinner (third watch).

9. Defendant was first scheduled to give Plaintiff his evening insulin shot on May 26, 2011.

10. On that occasion, Defendant attempted to educate Plaintiff on how to administer his own insulin shot but Plaintiff refused.

11. On May 27, 2011, Defendant again attempted to educate Plaintiff on how to inject his insulin, but Plaintiff refused and he did not receive his evening shot.

12. Plaintiff received all of his morning insulin shots during the week of May 24th through May 31st, including on the mornings of May 26th, May 27th, and May 28th, just before and after Plaintiff's encounters with Defendant.

### B. Disputed Facts

1. Whether Plaintiff received an insulin injection on May 26, 2011.

2. Whether Defendant refused to provide an insulin shot to Plaintiff.

3. Whether Plaintiff told Defendant he was afraid of needles and she responded she was not going to do his injection for him.

4. Whether Plaintiff told Defendant that staff nurses, including Defendant, had always administered his injection due to his fear of needles.

5. Whether after politely attempting three times to get Defendant to administer the injection, Defendant told Plaintiff she was not going to do it and to leave the medical clinic, which he did.

6. Whether after the incident on May 27, 2011, staff nurses including Defendant administered his injections for him.

7. Whether Defendant falsely stated that other nurses had observed Plaintiff self-injecting his insulin, that Plaintiff had been rude to her, and that Plaintiff refused to take his insulin shot.

8. If Defendant refused to provide Plaintiff with the shot, whether it caused Plaintiff to face a serious risk of injury or unnecessary and wanton pain.

9. Whether Plaintiff suffered harm from the missed injections in the form of headaches, loss of body fluid, night sweats, severe dehydration, inability to eat, and mental anguish and stress.

10. Whether Defendant's actions or omissions in fact caused Plaintiff to not receive the shot.

11. Whether Defendant knew that her actions or omissions would likely cause Plaintiff to not receive the shot.

12. Whether Defendant knew that her actions or omissions would (allegedly) likely cause Plaintiff to face a serious risk of injury or unnecessary and wanton pain.

3

13. Whether or not Defendant's actions or omissions constituted a choice among two medically acceptable alternatives.

14. Whether or not Defendant's actions or omissions constituted negligence, rather than conscious disregard of a serious and excessive risk that Plaintiff would be injured or suffer unnecessary pain.

15. Whether, if Plaintiff was injured by Defendant's actions or omissions, Plaintiff suffered an injury of sufficient magnitude to meet the requirements of the Prison Litigation Reform Act. 42 U.S.C. § 1997e(e).

### C. Disputed Evidentiary Issues[1]

**Plaintiff identifies the following disputed evidentiary issues:**

1. Whether there are any documents showing Plaintiff was able to and did self-inject his insulin.

2. Whether there is any evidence that other nurses witnessed him self-injecting his insulin.

**Defendant identifies the following disputed evidentiary issues:**

**(1) Plaintiff's Admissions:**

Defendant represents that he timely served requests for admission, attached to her pretrial statement, covering the core factual issues which would likely come up in a trial of this matter. Defendant represents that her counsel wrote the June 24, 2011 letter to Plaintiff, also attached hereto (without the original enclosures), advising Plaintiff of the effects of Fed. R. Civ. P. 36 and Fed. R. Civ. P. 37, of Defendant's intention to ask the court to deem the matters set forth in the requests to be admitted, and of the necessity of Plaintiff's moving the court to obtain a release from such admissions. However, Plaintiff ignored such letter, just as he ignored the original requests. Defendant asserts she will seek to have the court rule that the matters set forth in the requests are admitted.[2]

---

[1] The parties may file motions in limine, addressed in section XVVI(C), and/or object to the introduction of evidence at trial.

[2] Fed. R. Civ. P. 36 is self-executing and no ruling is required. Fed. R. Civ. P. 36(a)(3).

4

**(2) Expert Testimony Regarding the Risk Allegedly Caused by Plaintiff's Failure to Receive the Shot, the Causation of Plaintiff's Alleged Injuries, the Magnitude of Plaintiff's Alleged Injuries, and the Existence of Medical Purposes for Defendant's Actions Which Negate Conscious Disregard:**

Defendant represents that she has engaged a medical expert, Dr. Bruce Barnett, to testify regarding the medical issues presented by this case. As described in Dr. Barnett's expert witness report, filed by Defendant on May 19, 2015, Dr. Barnett has opined and will testify that:

(1) Plaintiff's failure to receive the shot objectively presented no risk of serious and excessive injury or harm to Plaintiff;

(2) Plaintiff did not sustain any injury or harm due to not receiving the shot;

(3) Defendant's actions did not cause Plaintiff to go without the shot;

(4) Defendant's actions in attempting to educate Plaintiff to inject his own insulin showed care, not disregard, for Plaintiff's serious medical needs, and constituted a choice of one of several acceptable alternative medical treatment choices.

Defendant represents that Plaintiff has not identified any expert witnesses who will testify to prove the necessary elements of his case; and when counsel for Defendant advised Plaintiff of the fact that he would be required to present expert testimony on all issues which are beyond the knowledge, skill, experience, training, or education of lay people (as provided in Fed. R. Civ. P. 702), Plaintiff indicated that he would not provide any such expert testimony.

**(3) Alleged Violations of CDCR Procedures:**

Defendant represents that Plaintiff has indicated he will seek to admit evidence of (1) a California statute prohibiting inmates from possessing syringes (to show that Defendant allegedly could not have lawfully allowed Plaintiff to inject himself), (2) a regulation of CSP which allegedly provided that Defendant was required to inject Plaintiff if Plaintiff refused to do so himself, and (3) a CDCR investigation of Defendant which found that Defendant violated a CDCR policy in her encounter with Plaintiff. Defendant, citing *Ybarra v. Bastian*, 647 F.2d 891, 892-893 (9th Cir. 1981) and *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986), objects to all such evidence as irrelevant and seeks its exclusion.

**(4)     Plaintiff's Felony Record:**[3]

Defendant may seek to offer evidence regarding Plaintiff's prior felony sentences, including but not limited to, his 1984 sentence for three counts of robbery, plus one count of attempted robbery (discharged in February 1996) and his 1996 sentence for robbery in the second degree, burglary in the second degree and grand theft exceeding $400.00 (discharged on March 30, 2013).

### D.     Special Factual Information

None.

## V.     Relief Sought

Plaintiff seeks $50,000.00 in compensatory damages and $25,000.00 in punitive damages.[4]

Plaintiff also seeks attorney's fees, cost of suit, and other relief deemed just and proper. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. *Gonzales v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987).

## VI.     Points of Law

### A.     Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between Defendant's actions or omissions and a violation of his constitutional rights; there is no

---

[3] If a conviction is more than ten years old, Defendant is required to comply with Fed. R. Evid. 609(b) if she seeks to impeach Plaintiff with the conviction. *Simpson v. Thomas*, 528 F.3d 685, 690-91 (9th Cir. 2008).

[4] Plaintiff specifies $25,000.00 in general damages and $25,000.00 in compensatory damages. Under section 1983, damages are in the form of nominal, compensatory, and/or punitive. *E.g.*, *Hazle v. Crofoot*, 727 F.3d 983, 991-92 (9th Cir. 2013); *Guy v. City of San Diego*, 608 F.3d 582, 587 (9th Cir. 2010). Therefore, the Court construes Plaintiff's request as for $50,000.00 in compensatory damages.

6

*respondeat superior* liability under section 1983. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B.     Eighth Amendment Right to Adequate Medical Care

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety. *E.g.*, *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir.

7

2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

Deliberate indifference, which is the subjective element of an Eighth Amendment claim, is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.

Finally, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

### C. Physical Injury Required for Mental and Emotional Damages

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *accord Pierce v. County of Orange*, 526 F.3d 1190, 1123-24 (9th Cir. 2008). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. *Oliver*, 289 F.3d at 630.

### D. **Qualified Immunity**

Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment+, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001); *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009).

### E. **Punitive Damages**

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008). The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

### F. **Federal Rules of Evidence**

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony. Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Such prior acts may be admissible for other purposes only,

such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

**VII.      Abandoned Issues**

None.

**VIII.     Witnesses**

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

**A.     Plaintiff's Witness List**

1. Plaintiff Norris Lee
2. M. Agtarap, LVN
3. Robert Banks, Correctional Officer
4. Inmate Marty Allen
5. Inmate David S. Peasely

**B.     Defendant's Witness List**[5]

1. C. Marquez
2. M. Kimbrell
3. Nurse C. Hernandez
4. T. Lau
5. Nurse V. Morales
6. Nurse D. Castenon

---

[5] Defendant did not identify a custodian of records to authenticate documents. If Defendant is willing to stipulate to the authenticity of CDCR documents, to include records maintained in Plaintiff's central and medical files, she shall notify the Court during the trial confirmation hearing. Such a stipulation will be limited to the authenticity of documents, and the documents may still be objected to on other grounds. Documents may be authenticated by review of their contents if they appear to be sufficiently genuine, Fed. R. Evid. 901(b)(4), and the propounding party need only make a prima facie showing of authenticity, *U.S. v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Therefore, the Court anticipates it will not be burdened with groundless objections to prison records on authentication grounds.

1. 7.    Defendant M. Ballesteros
2. 8.    Sgt. R. Banks
3. 9.    Sgt. J. Amaya
4. 10.   Nurse M. Agtrap.
5. 11.   Dr. Bruce P. Barnett, Chief Medical Consultant, Receiver's Office of Legal Affairs

**IX.     Exhibits**

The following is a list of documents or other exhibits that the parties expect to offer at trial.  **NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

      **A.     Plaintiff's Exhibits**

A.    Memorandum re Plaintiff's behavior toward staff and inmates plus request for Christian Fellowship on the yard.

B.    Medical Administration Records (MAR) for Plaintiff for 2008, 2009, 2010, and 2011.

C.    Primary Care Progress Notes for May 26, 2010; June 15, 2010; July 12, 2010; and December 17, 2010.

D.    Primary Care Flow Sheets from October 15, 2009, through June 17, 2010, and July 6, 2010, through July 26, 2010.

E.    Physician Orders for May 26, 2010; July 12, 2010; July 17, 2010; and July 26, 2010.

F.    Dr. Note for May 26, 2010, and July 26, 2010.

G.    Health Care Service Request for May 6, 2010; May 13, 2010; and June 15, 2010.

H.    Health Care Services Physician Request for May 18, 2010; June 11, 2010; June 17, 2010; and July 12, 2010.

I.    Encounter Form for May 11, 2010, and May 18, 2010.

J.    MRI Screening Form and Informed Consent, dated May 19, 2010.

K.    Refusal of Exam or Treatment dated June 18, 2010, and June 24, 2010.

1  L.  Medication Reconciliation – Active Meds dated May 10, 2010; May 18, 2010; May 25, 2010; June 16, 2010; and July 23, 2010.
3  M.  Radiology Report dated June 9, 2010, and June 14, 2010.
4  N.  Ninth Circuit Mandate.
5  O.  Motion re Notice of paying filing fee in full dated August 6, 2012; Order Vacating dated August 14, 2012.
7  P.  Inmate/Parolee Appeal (602) dated May 27, 2011.
8  Q.  Fingerstick Log from May 26, 2010, through August 20, 2010.
9  R.  Citizens Complaint Against Employees of the CDCR dated May 30, 2011.
10 S.  Department of Consumer Affairs re LVNS, standards and training requirements.
11 T.  CDC – Corcoran Operational Procedure Number 1050, Medication Management.
12 U.  Petition for Recall of Sentence and Request for Re-sentencing with P&A and Exhibits.
13 V.  Ballasteros Expert Witness Report.
14 W.  Letters from Medical Board.
15 X.  Complaint.

**B.  Defendant's Exhibits**

A.  Plaintiff's medical records from December 1, 2010, to November 4, 2011, including, without limitation, the following particular records:

- March 4 – March 31, 2011 – fingerstick log;
- April 4, 2011 – chronic care visit;
- April 6-April 22, 2011 – fingerstick log;
- May 5, 2011 – progress note;
- May 5, 2011 – medication reconciliation;
- May 6-May 20, 2011 - fingerstick log;
- May 5, 2011 – medication reconciliation;
- May 20, 2011 - medication reconciliation;
- May 22-May 23, 2011 – medication administration record;
- May 24, 2011 - medication reconciliation - shows orders for NPH insulin twice

12

1  daily and also for Metformin 500 mg twice daily.

2  -May 25, 2011- June 1, 2011 – medication reconciliation;

3  -May 25, 2011- June 1, 2011 – medication administration; and

4  -July 15, 2011- medical progress note.

5  B. CDC 602 inmate appeal Log No. 11-11964 dated May 30, 2011 (filed by Plaintiff against
6  Defendant and Sgt. Amaya, regarding Plaintiff's failure to receive the shot);

7  C. CDC 602 inmate appeal Log No. 11-11964 commenced May 30, 2011 (four pages) (appeal
8  filed by Plaintiff against Defendant, regarding Plaintiff's objection to Defendant's submitting an
9  128A form regarding Plaintiff's behavior on May 27, 2011);

10  D. Citizen's complaint submitted by Plaintiff against Defendant and Sgt. Amaya on May 30,
11  2011, regarding Plaintiff's failure to receive the shot;

12  E. Inmate Violation Report given to Plaintiff on May 30, 2011 (two pages);

13  G. The Yard LVN Posts/Daily Personnel Assignment Logs for Corcoran State Prison for May
14  2011, and in particular for May 19-May 31, 2011;

15  H. Plaintiff's canteen orders and quarterly commissary orders for January 2011 to June 2011,
16  inclusive;

17  I. Plaintiff's visitation history between March 27, 2011, and July 24, 2011;

18  J. CDCR's Inmate Record Summary for Plaintiff;

19  K. Plaintiff's Chronological History with CDCR;

20  L. Corcoran State Prison Operation Manual 1068, requiring medical education of inmates.

21  **X.        Discovery Documents to be Used at Trial**

22  **Defendant:**  Requests for Admission served on Plaintiff, to which there was no response.

23  **Plaintiff:**  Defendant's responses to Plaintiff's Requests for Admission and Request
24  for the Production of Documents.

25  **XI.       Further Discovery or Motions**

26  Defendant anticipates filing motions in limine and a motion for judgment as a matter of
27  law at trial. Fed. R. Civ. P. 50(a).

28  ///

13

**XII.        Stipulations**

None.

**XIII.       Amendments/Dismissals**

None.

**XIV.        Settlement Negotiations**

The settlement conference set in this matter was vacated on May 27, 2015, after United States Magistrate Judge Gary S. Austin reviewed the parties' settlement conference statements and determined that a settlement conference would not be beneficial.  (Doc. 33.)  Defendant subsequently made a written settlement to Plaintiff, which was not accepted.

**XV.         Agreed Statement**

None.

**XVI.        Separate Trial of Issues**

The punitive damages phase, if any, will be bifurcated.

**XVII.       Impartial Experts – Limitation of Experts**

None.

**XVIII.      Attorney's Fees**

Defendant will seek attorney's fees if she prevails.

**XVIIV.      Trial Exhibits**

Defense counsel shall retain the exhibits pending a decision on appeal.

**XVV.        Trial Protective Order**

None.

**XVVI.       Miscellaneous**

        **A.        Admissions**

In her pretrial statement, Defendant requested a separate trial regarding whether or not Plaintiff is bound by his admissions.  Rule 36 is self-executing; if the party upon whom requests for admission were served fails to respond in compliance with Rule 36(a)(3), the matters are deemed admitted. Fed. R. Civ. P. 36(a)(3), (b).

///

**B.     Telephonic Trial Confirmation Hearing**

A telephonic trial confirmation hearing is set for **July 21, 2015, at 2:00 p.m.** Defendant's counsel shall arrange for telephone contact with Plaintiff and shall initiate the call to (559) 499-5790. At the telephonic hearing, the Court will address any pretrial matter raised by the parties.

**C.     Motions In Limine**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendant's counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111-12 (quotation marks omitted).

Any motion in limine must be served on the other party, and filed with the Court by **July 28, 2015**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court by **August 11, 2015**.

Motions in limine will be addressed on the morning of trial.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

**D.     Other**

**1.     Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If the parties wish to submit a trial brief, they must do so on or before **August 11, 2015**.

**2.     Verdict Form**

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **August 11, 2015.**

///

### 3. **Jury Instructions**

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. Defendant shall file proposed jury instructions as provided in Local Rule 163 on or before **August 11, 2015**. Plaintiff is not required to file proposed jury instructions but if he wishes to do so, he must file them on or before **August 11, 2015**.

The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction. Otherwise, BAJI or CACI instructions SHALL be used where the subject of the instruction is covered by BAJI or CACI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern or form instruction, such as the Ninth Circuit Model Jury Instructions, BAJI, CACI, or any other source of pattern instructions. The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

All jury instructions shall indicate the party submitting the instruction (e.g., Plaintiff or Defendant), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction. Defendant shall provide the Court with a copy of her proposed jury instructions via e-mail at: skoorders@caed.uscourts.gov.

///

### 4. Proposed Voir Dire

Proposed voir dire questions, if any, shall be filed on or before **August 11, 2015**, pursuant to Local Rule 162.1.

### 5. Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **August 11, 2015**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### 6. Trial Exhibits

The original and two copies of all trial exhibits, along with exhibit lists, shall be submitted to Courtroom Deputy Alice Timken no later than **August 3, 2015**. Plaintiff's exhibits shall be pre-marked with the prefix "P" and numbered sequentially beginning with 200 (e.g., P-201, P -202, etc.). Defendant's exhibits shall be pre-marked with the prefix "D" and numbered sequentially beginning with 500 (e.g., D-501, D-502, etc.).

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits shall be pre-marked with the prefix "J" and numbered sequentially beginning with 1 (e.g., J-1, J-2, etc.), and Defendant's counsel shall submit the original and two copies of the joint trial exhibits, with exhibit lists, no later than **August 11, 2015**.

## XVVII. Objections to Pretrial Order

Written objections to the pretrial order, if any, must be filed on or before **July 21, 2015**. Such objections shall specify the requested modifications, corrections, additions or deletions.

Parties may also raise any objections at the telephonic trial confirmation hearing.

## XVVIII. Compliance with Pretrial Order

Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. The Court will modify the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court ADMONISHES the

parties and counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

IT IS SO ORDERED.

Dated:   **July 13, 2015**                               **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE