# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE,<br><br>    Plaintiff,<br><br>   v.<br><br>BALLESTEROS,<br><br>    Defendant.<br>_____/ | Case No. 1:12-cv-00808-SKO (PC)<br><br>ORDER DECLINING TO CONSIDER UNTIMELY DISCOVERY DISPUTE AND GRANTING MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(Doc. 36) |

## I. Background

Plaintiff Norris Lee ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 17, 2012. This action for damages is proceeding against Defendant Ballesteros ("Defendant") for acting with deliberate indifference to Plaintiff's serious medical needs on May 27, 2011, in violation of the Eighth Amendment of the United States Constitution. This case is set for jury trial on August 18, 2015, at 8:30 a.m. The parties appeared by telephone on July 21, 2015, at 2:00 p.m. for the trial confirmation hearing.

## II. Untimely Discovery Dispute

During the hearing, Plaintiff raised an issue regarding the timeliness of Defendant's discovery responses. The deadline for the completion of all discovery, including filing motions to compel, was December 24, 2014. (Doc. 24.) At no time prior to the hearing did either party file a motion to compel or otherwise bring a discovery dispute before the Court. It is too late to do so

now -- almost seven months after the deadline expired.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered. . . .") (internal quotation marks and citation omitted).  Regarding Plaintiff's statement that the late-served discovery responses resulted in an inadequate opportunity to file a motion to compel, his failure to raise that issue seven months ago evidences the lack of any due diligence. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  The Court therefore declines to consider any issues regarding the timeliness of Defendant's discovery responses.

### III.  Motion for Attendance of Incarcerated Witnesses

#### A.  Background

The following factors generally govern the determination whether to issue a writ of habeas corpus ad testificandum directing the production of an inmate witness for trial: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.  *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

In this case, Plaintiff seeks to have inmates Marty Allen, currently incarcerated at Valley State Prison ("VSP") in Chowchilla, and David S. Peasely, currently incarcerated at Correctional Training Facility ("CTF") in Soledad, transported for trial.  Defendant opposes the motion on the grounds that (1) the witnesses' declarations are more than four years old and Plaintiff has not demonstrated either witness is currently willing to testify; and (2) inmate Allen's declaration fails to demonstrate he has knowledge of relevant facts.

#### B.  Willingness to Testify Voluntarily

The Court is unpersuaded by Defendant's position regarding the witnesses' willingness to testify voluntarily.  As an initial matter, inmates and parolees are not entitled to freely communicate with one another.  Cal. Code Regs., tit. 15, § 3139.  Plaintiff's present status is

unclear and to the extent he is not on parole, it is unclear at what point in time he became eligible to communicate with inmates Allen and Peasely. Tit. 15, § 3139(j) ("Inmates confined in departmental facility may correspond with former inmates. Prior approval . . . is required if the person was discharged from a facility within the past twelve months.").

Additionally, and dispositive of the matter, a witness's unwillingness to testify is not grounds to preclude him from being called to testify. "Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." *Barnett v. Norman*, 782 F.3d 417, 422 (9th Cir. 2015). A judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question." *Id.* "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient, burdensome, or harmful to a witness's social or economic status." *Id.*

### C.  Relevant Testimony – Inmate Allen

Inmate Peasely's declaration demonstrates that he was an eye and ear witness to relevant events. However, inmate Allen's declaration is less clear and Defendant objects on that ground.

Inmate Allen attested that he walked to the medical clinic with Plaintiff on May 27, 2011; that he has witnessed Plaintiff ask staff to give him his insulin injections; and that Plaintiff is afraid of needles. It was not clear from the declaration if inmate Allen saw or heard the interaction between Plaintiff and Defendant on May 27, 2011, but the fact he walked with Plaintiff to the clinic on that date suggested that he may have. During the hearing, Plaintiff clarified that inmate Allen saw his interaction with Defendant on that date and was therefore an eye and ear witness to events giving rise to Plaintiff's claim. Accordingly, Plaintiff is entitled to have inmate Allen transported for trial, along with inmate Peasely.[1]

///
///
///
///

---

[1] The Court notes the lack of any evidence in the record regarding the second and fourth *Wiggins* factors. With respect to the third factor, neither inmate is incarcerated at a remote prison and given the proximity of VSP and CTF to the courthouse, no undue burden is imposed on prison officials in having to transport the witnesses to trial.

**IV.     Order**

Based on the foregoing, the merits of the discovery dispute raised by Plaintiff will not be considered given its untimeliness, and Plaintiff's motion for the attendance of incarcerated witnesses Peasely and Allen is HEREBY GRANTED.

IT IS SO ORDERED.

Dated:   **July 21, 2015**                              **/s/ Sheila K. Oberto**
                                                                        UNITED STATES MAGISTRATE JUDGE