# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE, | Case No. 1:12-cv-00808-SKO (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE |
| v. | |
| M. BALLESTEROS, | (Docs. 51-53) |
| Defendant. | |

**I.   Background**

Plaintiff Norris Lee ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 17, 2012. This action for damages is proceeding against Defendant Marcy Ballesteros ("Defendant") for acting with deliberate indifference to Plaintiff's serious medical needs on May 27, 2011, in violation of the Eighth Amendment of the United States Constitution. This case is set for jury trial on August 19, 2015. Pursuant to the pretrial order, Defendant filed motions in limine on July 28, 2015, and Plaintiff filed oppositions on August 10, 2015. (Docs. 51-53, 56-58.)

**II.   Discussion**

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendant's counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use

of the evidence before the jury. *Id.* at 1111-12 (quotation marks omitted).  As set forth below, Defendant's first motion in limine lacks merit, and her second and third motions in limine largely require resolution at trial, at which time the Court will be able to evaluate the evidence in the context for which it is offered.

### A. Evidence Contrary to Admissions

Defendant seeks an order excluding any evidence that is contrary to the requests for admission she served on Plaintiff, given Plaintiff's failure to serve a response.  Fed. R. Civ. P. 36(a)(3), (b).  Plaintiff opposes the motion on the ground that the requests for admission were not timely served and no response was required.  (Doc. 24, Discovery & Sched. Order, ¶¶2, 7.)

Pursuant to the operative discovery and scheduling order, responses to discovery requests were due within forty-five days and discovery requests were required to be served sufficiently in advance of the discovery deadline to allow for a response.  (*Id.*)  In this case, the discovery deadline was December 24, 2014, and Defendant served the requests for admission on December 12, 2014.  (Doc. 55, Notice re RFA, Ex. A.)  Given that the requests for admission were not served sufficiently in advance of the deadline, they were untimely and Plaintiff was not obligated to serve a response.  Therefore, Defendant's motion in limine is denied, with prejudice.[1]

### B. Evidence Requiring Expert Testimony

Defendant seeks an order excluding any lay testimony by Plaintiff on issues requiring medical expertise.  Fed. R. Evid. 701, 702.  In response, Plaintiff states that he does not have a medical expert and will primarily cross-examine Defendant's expert witness.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or

---

[1] In her motion, Defendant overstates the reach of the Court's prior orders.  This Court did not issue a ruling regarding the effect of Plaintiff's non-response to the requests for admission in this case.  The Court stated that Rule 36 is self-executing in response to Defendant's request for a separate trial on whether Plaintiff's admissions were binding; and the Court subsequently informed the parties that it would not consider any issues regarding the timeliness of Defendant's discovery *responses*.  (Doc. 42, Pretrial Order, § XVVI(A); Doc. 47, Order, § II.)  Plaintiff raised the latter issue during the trial confirmation hearing and, as set forth in the subsequent order, his concern was interpreted by the Court as arising from Defendant's failure to serve a timely response to his discovery requests.  Although Plaintiff clarified his concern in his opposition filed on August 10, 2015, at the time of the hearing, the Court did not interpret the concern as arising out of untimely service of the requests for admission.

other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.  Lay witnesses may testify as to what they saw or felt relating to their medical needs or condition, Fed. R. Evid. 701, but they may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge, which generally includes ultimate diagnoses, cause and effect relationships, internal injuries, and/or interpretation of medical records, Fed. R. Evid. 702.

Accordingly, Plaintiff may not give any testimony requiring medical expertise, Fed. R. Evid. 702, but he is qualified to testify as to matters which would be within his common knowledge as a lay man, including those things he saw or felt, Fed. R. Evid. 601, 602, 701; *see Flowers v. Torrance Mem'l Hosp. Med. Ctr.*, 8 Cal.4th 992, 1001 (Cal. 1994) ("'[Y]ou don't need a weatherman to know which way the wind blows.'") (quoting Bob Dylan, Subterranean Homesick Blues, Bringing It All Back Home (Columbia Records 1965)); *cf. United States v. Finley*, 301 F.3d 1000, 1013 (9th Cir. 2001) ("Our case law recognizes the importance of expert testimony when an issue appears to be within the parameters of a layperson's common sense, but in actuality, is beyond their knowledge.")  Given that Plaintiff does not anticipate offering his lay opinion on any issues requiring medical expertise, more specific rulings as to Plaintiff's testimony cannot be made in advance of trial and in the absence of trial context.  Defendant's motion is therefore granted in part and denied in part, without prejudice to raising specific objections at trial as appropriate.

### C.    Evidence Relating to Prison Policies and Procedures

Finally, Defendant seeks an order excluding any evidence of an alleged or actual violation of prison policies, procedures, rules, or standards, or of any laws other than the Eighth Amendment, including but not limited to four specific documents Plaintiff has indicated he will present at trial.  Defendant contends that such evidence is irrelevant and even if the Court determines there is some possible relevance, it should be excluded under Rule 403 on the basis that it may confuse or inflame the jury.  In response, Plaintiff argues that while such violations might be insufficient without more, they may be relevant in conjunction with other evidence.

As an initial matter, no state statutes, regulations, or policies were identified as exhibits by Plaintiff, and that issue appears to be moot.  With respect to any other potential evidence,

Defendant is not entitled at this juncture to a broad preclusion of evidence on the basis that it relates to prison policies, procedures, rules, or standards. "[W]hen a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action." *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) (citation omitted). "However, Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal Constitution and laws," and "[t]o the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress." *Lovell*, 90 F.3d at 370-71 (citations and internal quotation marks omitted); *accord Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Ove v. Gwinn*, 264 F.3d 817, 824-25 (9th Cir. 2001); *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Thus, as Plaintiff acknowledges, the *mere* violation of a prison rule or regulation does not *necessarily* establish a constitutional violation; and in this case, Plaintiff must prove by a preponderance of the evidence that, through her actions and/or omissions, Defendant acted with deliberate indifference to his medical needs, which requires that he show she knowingly disregarded a serious risk of harm to his health.

Relevant evidence is generally admissible, Fed. R. Evid. 401, 402, but relevant evidence may still be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403. The Court is unable to determine, pre-trial, whether Plaintiff will offer any evidence regarding Defendant's violation of prison policies/rules;[2] if so, whether that evidence is relevant; and if it is relevant, whether its probative value is substantially outweighed by a danger of unfair prejudice, jury confusion, etc. *See Cortez v. Sol*, 776 F.3d 1046, 1052 (9th Cir. 2015) (written prison policy regarding use of restraints relevant to inmate's constitutional claim); *see also Furnace v. Sullivan*, 705, F.3d 1021, 1027-30 (9th Cir. 2013) (prison regulations governing staff conduct is relevant in determining entitlement to qualified immunity). Therefore, Defendant's motion is denied without prejudice to raising specific objections at trial as are appropriate.

---

[2] It bears reiteration that Plaintiff's exhibit list does not identify any regulations, policies, or procedures.

**III.     Order**

Based on the foregoing, Defendant's motions in limine, filed on July 28, 2015, are GRANTED in part and DENIED in part as follows:

1. DENIED with prejudice as to the exclusion of evidence contrary to the requests for admission served on Plaintiff (motion in limine 1);

2. GRANTED as to the exclusion of any lay testimony on issues requiring medical expertise but DENIED as to medical issues within a lay witness's personal knowledge, without prejudice to renewal during trial as appropriate in light of testimony (motion in limine 2); and

3. DENIED as to the exclusion of evidence of alleged or actual violations of prison policies, procedures, rules, or standards, without prejudice to renewal during trial as appropriate (motion in limine 3).

IT IS SO ORDERED.

Dated:   **August 12, 2015**                    /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE