# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE, | Case No. 1:12-cv-00808-SKO (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S RULE 50(A) MOTION ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM |
| v. | |
| M. BALLESTEROS, | |
| Defendant. | |

## I. Background

Plaintiff Norris Lee ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 17, 2012. This action for damages is proceeding against Defendant Ballesteros ("Defendant"), a licensed vocational nurse, for acting with deliberate indifference to Plaintiff's serious medical needs on May 26, 2011, and May 27, 2011, in violation of the Eighth Amendment of the United States Constitution.[1] Plaintiff has diabetes and his claim arises from two missed insulin injections while he was at California State Prison-Corcoran.

Jury trial commenced on August 18, 2015. Following Plaintiff's conclusion of his case-in-chief on August 19, 2015, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), and it was granted for the reasons that follow.

---

[1] Plaintiff initially pled only one missed insulin injection but at trial, his claim encompassed two missed insulin injections, two evenings in a row. Fed. R. Civ. P. 15(b)(2).

**II.     Rule 50 Standard**

A Rule 50(a) motion may be made at any time before the case is submitted to the jury. Under Rule 50, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may (A) resolve the issue against the party, and (B) grant a motion for judgment as a matter of law against the party on a claim . . . that, under the controlling law, can be maintained . . . only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1).

**III.    Plaintiff's Eighth Amendment Medical Care Claim**

     **A.     Legal Standard**

While the Eighth Amendment of the United States Constitution entitles prisoners to medical care, it is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.

///

///

///

2

At trial, Plaintiff was required to prove the following elements by a preponderance of the evidence:

1.   Plaintiff faced a serious medical need;

2.   Defendant Ballesteros was deliberately indifferent to that medical need; that is she knew of it and disregarded it by failing to take reasonable measures to address it; and

3.   Defendant Ballesteros' acts caused harm to Plaintiff.

Defendant moved for judgment as a matter of law on all three elements of Plaintiff's Eighth Amendment claim, and on the issue of unavailability of damages for mental and emotional harm under the Prison Litigation Reform Act.

**B.   Harm and 1997e(e) Physical Injury Requirement**

Turning first to the third element, harm, Plaintiff testified that as a result of missing his second insulin injection on the evenings of May 26, 2011, and May 27, 2011, he suffered from anxiety, panic, disillusionment, headache, and drenching night sweats, and from incoherence during the middle of the night following his missed injection on the evening of May 27, 2011. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."[2]   42 U.S.C. § 1997e(e).  The Court finds that Plaintiff's alleged injuries amount to no more than *de minimis* injury as a matter of law, and he is therefore precluded from seeking damages for mental or emotional injury.  *Pierce v. County of Orange*, 526 F.3d 1190, 1123-24 (9th Cir. 2008) (recurrent bladder infections resulting from inadequate supply of catheters & bed sores resulting from lack of proper mattress constituted more than *de minimis* harm to paraplegic inmate); *Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002) (allegations of severe and lasting back and leg pain, a painful canker sore, and unspecified injuries sustained in a fight not more than *de minimis*).

While section 1997e(e) does not bar other compensatory damages, or nominal or punitive damages, Plaintiff has not produced any evidence that the injuries he complains of were caused by

---

[2] Plaintiff was incarcerated when he filed suit.

3

missing his insulin injection on the evening of May 26 and on the evening of May 27. The evidence at trial established that prior to the dates in question, Plaintiff was injured in a fall and he complained of severe, recurring headaches as a result of that fall. In addition, Plaintiff experienced night sweats due to issues with regulating his blood sugar on other occasions when he did not miss an insulin injection. During his testimony, Plaintiff conceded that he could not establish a link between the symptoms he complained of and the missing injections. Additionally, while Plaintiff is competent to testify to how he felt during the night, Fed. R. Evid. 701, testimony linking those symptoms to a medical issue that was the result of the missed insulin injection would require medical expertise and none was produced, Fed. R. Evid. 702; *United States v. Finley*, 301 F.3d 1000, 1013 (9th Cir. 2001) ("Our case law recognizes the importance of expert testimony when an issue appears to be within the parameters of a layperson's common sense, but in actuality, is beyond their knowledge.").

Therefore, the Court finds that Plaintiff failed to produce sufficient evidence to allow a reasonable trier of fact to determine that he suffered harm as a result of missing his evening insulin injection on May 26, 2011, and on May 27, 2011.

### C. <u>Objectively Serious Medical Need</u>

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

Diabetes is a condition that can merit medical treatment, and Plaintiff was receiving medical treatment for the condition. That cannot be reasonably disputed and in as much as Defendant did not dispute Plaintiff's diagnosis or his twice-daily insulin injection regimen, it is not in dispute. However, to establish the objective element of his Eighth Amendment claim, Plaintiff must produce evidence that his medical condition was sufficiently serious such that missing his evening insulin injection two days in a row presented an objectively serious risk of

harm to his health. Plaintiff did not do so. Such evidence would require medical expert testimony in any event, and none was presented.

Accordingly, the Court also finds an insufficient evidentiary basis from which a reasonable trier of fact could find that missing his second daily insulin injection two days in a row presented an objectively serious risk of harm to Plaintiff's health.

### D. Subjective Deliberate Indifference

Finally, the element of subjective deliberate indifference involves two parts. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013). First, Plaintiff must demonstrate that the risk was obvious or provide other circumstantial evidence that Defendant Ballesteros was aware of the substantial risk to his safety or health; and second, that there was no reasonable justification for exposing him to that risk. *Lemire*, 726 F.3d at 1078 (citing *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In this case, Plaintiff did not produce a sufficient evidentiary basis from which a reasonable trier of fact could find that Defendant Ballesteros acted with deliberate indifference. That she *should* have simply followed the doctor's orders to give Plaintiff his insulin injection; that she *should* have known that failing to provide Plaintiff with his second insulin injection of the day *could* harm him; or that she was merely being lazy in not wanting to inject him anymore is not sufficient to support a finding of deliberate indifference.[3]

///

---

[3] The evidence produced was that Defendant Ballesteros wanted Plaintiff to receive education from her on self-injection, but for Plaintiff, self-injection was not a viable option because he was afraid of needles.

5

**IV.     Conclusion**

In conclusion, the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff on his Eighth Amendment claim, and Defendant Ballesteros is entitled to judgment. Therefore, Defendant's motion under Rule 50(a) of the Federal Rules of Civil Procedure is GRANTED, thus concluding this action is its entirety.

IT IS SO ORDERED.

Dated:   **August 20, 2015**                              **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE